IN THE COURT OF APPEALS OF TENNESSEE

**FILED**

**July 29, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

AT NASHVILLE

ROBERT LEE ANDERSON,      )
                                      )

      Plaintiff/Appellee,      )      Appeal No.
                                        )      01-A-01-9802-CH-00082

v.                              )
                                        )      Montgomery Chancery

REBECCA ANN ANDERSON,      )      No.  92-71-196
                                        )

      Defendant/Appellant.      )

## ORDER OF REMAND

It appears in this case that a hearing was held before the trial court on November 24, 1997 concerning a petition for change of custody of the minor child, Robert Lee Anderson, Jr.  Judgment was entered on that date, and on the following day, November 25, 1997, a motion to set aside default judgment was filed by the appellant in this case, Rebecca Ann Anderson, asserting, among other things, that she had no notice of the hearing.  This motion was heard on December 16, 1997 and on January 5, 1998 an order was entered by the trial court denying the motion to set aside the November 24, 1997 order.

Notice of appeal was filed on behalf of Rebecca Ann Anderson on January 9, 1998.

On January 13, 1998, counsel for the appellee filed objections to the alleged indigency status of Rebecca Ann Anderson.  On January 20, 1998, counsel for Rebecca Ann Anderson filed a motion to strike the petitioner's opposition to indigency status.  This motion was heard on January 30, 1998 and on February 27, 1998 the trial judge entered an order finding the appellant indigent and allowing the appeal to continue on pauper's oath.  On March 12, 1998, Rebecca Ann Anderson filed what purports to be a statement of the evidence pursuant to Rule 24(c) of the Rules of Appellate Procedure.

On March 13, 1998, counsel for Robert Lee Anderson filed what purports to be a counter-statement of the evidence under Rule 24(c) together with a motion for the court to adopt his T.R.A.P. 24c statement and reject the T.R.A.P. 24c statement of the appellant. On that same March 13, 1998, the attorney for Robert Lee Anderson, to-wit, Gregory D. Smith, filed a motion to withdraw on the basis that the appellee does not intend to retain him for the purposes of appeal. On March 16, 1998, the trial judge entered an order allowing Gregory D. Smith to withdraw and relieving him as counsel of record for Robert Lee Anderson.

Neither of the purported Rule 24(c) statements has been approved by the trial judge although certain evidentiary depositions, apparently presented at the November 24, 1997 hearings, have been authenticated.

Since there are conflicting Rule 24(c) statements filed, neither of which has been approved by the trial court, this court can not apply the automatic approval provisions of Rule 24(f). This case is therefore remanded to the trial court for compliance with Rule 24(c) and (f) of the Rules of Appellate Procedure.

_____
                        HENRY F. TODD, PRESIDING JUDGE


                        _____
                        BEN H. CANTRELL, JUDGE


                        _____
                        WILLIAM B. CAIN, JUDGE